The complainants in this cause exhibited their bill for the purpose of enforcing the sale of real estate, situated in the city of Washington, of which James C. Kennedy died seized, in order to pay the debts due from the estate. The bill alleges that the executor of the estate, Harvey Kennedy, has unlawfully dis *79 tributed the personal property by paying the claims of some of the creditors in full and leaving others, the complainants amongst them, entirely unpaid, and that the personal estate is insufficient to pay the debts due from the estate. The bill also prays for a discovery aud an account from the executor.
To this bill the executor and the heirs and legatees interposed a plea, averring that the executor has in his hands assets belonging to the estate, amply sufficient to pay all claims against the estate which have been presented; that the executor disputes the justice and validity of the complainants’ claim, and alleges his readiness to pay the said claim so soon as the complainants shall have established the validity thereof in a court of law.
A replication was filed in behalf of the complainants, aud testimony was taken. Since the bill was filed the trustee of Jay Cooke & Co.’s estate has interposed in the case by petition, asserting that he holds an overdue note made by the testator, for the sum of $3,500, which he seeks to collect.
From the bill and testimony in the case, it appears that James C. Kennedy, on the 27th day of March, 1872, made his promissory note for the sum of $12,000, payable, with interest at the rate of ten per centum per' annum, to his own order on demand, and delivered it to the Freedman’s Savings and Trust Company. This note is unpaid.
On the 25th day of March, 1873, the testator died, leaving a will, made in the State of New York, and bearing date on the 10th day of February, 1857. The execution of this will appears to have been witnessed by only two witnesses.
Letters testamentary were issued to the defendant, ITarvej Kennedy, on the estate of the deceased.
By the account of the executor, rendered to the Probate Court, and sworn to by the executor, on the 16th day of October, 1874, he charges himself with personal property amounting to the sum of $31,794.63. But from this sum he deducts $23,423.50 for furniture, stocks, &c., still on hand and unsold, leaving a balance of available funds amounting to $8,373.11. With this available fund in hand the executor claims that he *80 has disbursed for the estate the sum of $27,014.70. If we add to this sum-total of debts the amount of the complainants’ note and that of Cooke & Co.’s trustee, say $20,000, the debts of the estate amount at least to the sum of $47,014.70, besides other debts not noticed. This would leave a deficit of about $14,000.
The act of the Maryland Assembly of 1789, which governs the conduct of executors, provides that “ whenever personal property of any kind, or assets not mentioned in an inventory already made out, shall come to the possession or knowledge of an executor, * * * an account or inventory of the same shall be returned * * * within two calendar months from the time of the discovery.”
The executor in this case has filed no additional inventory.
The evidence shows that the note upon which this action is based was presented to the executor soon after the letters testamentary were issued to him, and that it was also presented to his attorney. . The records of the office of the register of wills show that the note was presented there, and “approved and passed” by the court on the 9th day of June, 1874.
The testimony settles the validity of the note and the fact that it has never been paid.
The appeal was taken by the executor from the decree requiring him to pay it. The court decided to affirm the decree under the peculiar circumstances of the case, saying that the executor had filed a sworn inventory, in the probate side of the court, showing a deficiency of assets. This was justifiable ground for filing the bill in this ease. He now swears to a plea that he has amply sufficient to pay and discharge the claims of the complainant and others, without having filed any further inventory, or given any explanation of the discrepancy between the statement of his plea and the showing of the inventory referred to. We are satisfied the debt is due and owing, and we do not think the executor should be allowed any advantage from having misled the complainant, *81 or that the latter should now be compelled to resort to the law side of the court for redress.
Enoch Totten, for complainaut.
Merrick Morris, for defendants.
Decree affirmed.